**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JUSTIN BUSER,

     Plaintiff,

v.                                                            Case No. 8:23-cv-1881-TPB-UAM

EXPERIAN INFORMATION
SOLUTIONS, INC., et al.,

     Defendants.

_____ /

## ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANTS JAMES WARRICK AND ANGELA WARRICK'S MOTION TO DISMISS"

This matter comes before the Court on "Defendants James Warrick and Angela Warrick's Motion to Dismiss," filed on November 3, 2023.  (Doc. 67).  Plaintiff Justin Buser filed a response in opposition on November 24, 2023. (Doc. 78).  After reviewing the motion, responses, court file, and record, the Court finds as follows:

## Background[1]

This is a consumer protection case brought by a homeowner against a small business that installed solar panels.  In early March 2022, Plaintiff was solicited at his home by Defendant Tyler Coffing, a salesman representing Defendant Excel Home Solar, Inc., which was owned and operated by Defendants James and Angela Warrick.  The offer was straightforward: Excel would install solar panels on Plaintiff's roof and charge him a flat rate each month, resulting in significant savings on Plaintiff's energy

_____

[1] The Court accepts as true the facts alleged in Plaintiffs' complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").  The Court is not required to accept as true any legal conclusions couched as factual allegations.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

bill.  Plaintiff had made it clear that he was not interested in any transaction that required him to take out a loan or required a credit inquiry.  Rather, based on Coffing's representations, Plaintiff believed that he would pay Excel for each kilowatt hour the panel generated.  The solar panels were installed, although they never became operational or generated usable electricity because they were not integrated into Plaintiff's home electrical system.  Plaintiff later became aware that a fraudulent loan had been taken out in his name, and that the funds had already been disbursed to Excel through Defendant Enium Capital Group, LLC.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 570.

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  As courts have explained, the purpose of Rule (9)(b) is to ensure that defendants have sufficient notice and information to formulate a defense.  *See Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285, 1294 (M.D. Fla 2018).  "Essentially, a plaintiff satisfies Rule 9(b) by alleging who, what, when, where, and how."  *Id.*  (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Plaintiff asserts Counts VI (Actual Fraud), VII (Constructive Fraud), VIII (Negligence), IX (Invasion of Privacy by Appropriation), and X (Violation of FDUTPA) against the Warricks in their individual capacities, along with Excel and Coffing. The Warricks have moved to dismiss these claims, asserting various grounds for relief.

### Failure to State a Claim – Piercing the Corporate Veil

In the motion to dismiss, the Warricks argue that Plaintiff has failed to plead sufficient facts that justify piercing the corporate veil. "The corporate entity is an accepted, well used, and highly regarded form of organization in the economic life of our state and nation[,]" and "[t]hose who utilize Florida law to do business in the corporate form have every right to rely on the rules of law that protect them against personal liability unless it can be shown that the corporation is formed or used for some illegal, fraudulent, or other unjust purpose, which justifies piercing the corporate veil." *S-Fer Int'l, Inc. v. Stonesheets, LLC*, No. 14-24662-CIV-GRAHAM/SIMONTON,

2016 WL 8808749, at *3 (S.D. Fla. July 22, 2016) (citing *Dania Jai-alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120 (Fla. 1984)).  In Florida, "courts are reluctant to pierce the corporate veil and will only disregard the corporate entity to prevent some injustice."  *Id.* (citing *Dania Jai-alai Palace, Inc.*, 450 So. 2d at 1120).

In Florida, to pierce the corporate veil, a plaintiff must allege and prove the following: "(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been organized or used for a fraudulent or improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant."  *S-Fer Int'l, Inc.*, 2016 WL 8808749, at *3 (citing *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008); *Dania Jai-alai Palace, Inc.*, 450 So. 2d at 1116-21).  Importantly, on a motion to dismiss based on a failure to allege a basis to pierce the corporate veil, "[t]he issue is not whether [the plaintiff] may ultimately prevail on the 'piercing the corporate veil' theory, but whether the allegations are sufficient to allow them to conduct discovery in an attempt to prove their allegations."  *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

Plaintiff must first adequately allege facts to show that the Warricks dominated and controlled Excel to such an extent that it lacked any independent existence and Excel was the Warricks' alter ego.  Here, Plaintiff has alleged that the Warricks owned and operated Excel and were the only shareholders.  But "the mere ownership of a corporation by a few shareholders, or even one shareholder, is an insufficient reason to pierce the corporate veil."  *Oginsky v. Paragon Prop. of Costa Rica LLC*, 784 F. Supp.

2d 1353, 1373 (S.D. Fla. 2011) (quoting *Gasparini*, 972 So. 2d at 1055); *S-Fer Int'l, Inc.*, 2016 WL 8808749, at *3 ("Additionally, the mere fact that one or two individuals own and control the stock structure of a corporation does not inevitably lead to the conclusion that the corporate entity is a fraud or the alter ego of its stockholders to the extent that the corporation's liabilities should be personally imposed upon them."). Although Plaintiff has alleged that both Warricks served as president of Excel at different times, this allegation is also insufficient to pierce the corporate veil. *See Orginsky*, 784 F. Supp. 2d at 1373. And even the conclusory "fact that a corporation is under-capitalized is not alone sufficient to establish personal liability." *Rollason v. Disorbo*, No. 1:18-cv-482-TFM-N, 2021 WL 9349830, at *4 (S.D. Ala. Nov. 17, 2021). Plaintiff does not allege any facts to support an inference that Excel's lacked an independent corporate existence, such as facts pertaining to the operation of Excel and its corporate formalities.

To pierce the corporate veil, Plaintiff must plead more than he has here. The Court will dismiss the corporate veil claims against the Warricks, with leave to amend. The Court recognizes that at this time, Plaintiff may not possess enough information to adequately plead any personal liability claims against the Warricks. Should this case proceed past mediation and to discovery, the Court may permit amendment of the complaint should additional information come to light about Excel and its corporate existence that could justify piercing the corporate veil.

### Rule 9(b) and Heightened Pleading Standard

In addition, the Warricks argue that the Court should dismiss the claims against them for failing to meet the heightened pleading requirements of Rule 9(b).

The Warricks appear to argue that because the second predicate to pierce the corporate veil requires some allegation of fraudulent use of the corporate form, any and all corporate veil claims are subject to the Rule 9(b) specificity requirements.  But the Warricks provide no case law to support their position, and Florida law does not necessarily require a party to prove fraud to pierce the corporate veil.  *See Rollason*, 2021 WL 9349830, at *5 ("The Court is not convinced alter ego/piercing the corporate veil requires the complaint be [pled] with particularity under Fed. R. Civ. P. 9(b)."); *Roberson v. Health Career Institute LLC*, No. 22-CV-81883-RAR, 2023 WL 4991121, at *5 (S. D. Fla. Aug. 3, 2023) ("While the Court has not found binding authority on the issue of whether a veil-piercing claim is governed by FED. R. CIV. P. 8's notice-pleading standard or the heightened pleading standard of Rule 9(b), courts in this district have held that Rule 8 provides the correct standard.").

Because Counts VI and VII sound in fraud, Plaintiff will need to adhere to the specificity requirements of Rule 9(b), but any non-fraud claims against the Warricks that involve piercing the corporate veil need only comply with the requirements of Rule 8.  Should Plaintiff elect to file an amended complaint, he should keep these pleading standards in mind.

***Failure to State a Claim – Direct Claims***

In the motion to dismiss, the Warricks also argue that Plaintiff has failed to state any direct liability claims against them.  Plaintiff only addresses this argument as to Count X (FDUTPA).  He does not address this argument as to Counts VI (Actual Fraud), VII (Constructive Fraud), VIII (Negligence), and IX (Invasion of Privacy by

Appropriation).  Consequently, the motion is granted as to Counts VI, VII, VIII, and IX, with leave to amend.

As to Count X, to proceed against an individual under FDUTPA, a plaintiff must allege that the individual was a direct participant in the improper dealings.  *See TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC,* 945 F. Supp. 2d 1331, 1346 (M.D. Fla. May 15, 2013); *Sundance Apartments I, Inc. v. General Elec. Capital Corp.,* 581 F. Supp. 2d 1215, 1222 (S.D. Fla. May 6, 2008); *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1073-74 (Fla. 5th DA 2008); *Anden v. Litinsky*, 472 So. 2d 825, 826-27 (Fla. 4th DCA 1985).  Because Plaintiff asserts that the Warricks directly participated in the alleged actionable conduct by, among other things, signing the loan documents at issue, he has stated a FDUTPA claim.  The motion to dismiss is therefore denied as to Count X.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1. "Defendants James Warrick and Angela Warrick's Motion to Dismiss" (Doc. 67) is hereby **GRANTED** to the extent that the claims seeking to impose personal liability against the Warricks in Counts VI, VII, VIII, IX, and X by piercing the corporate veil are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

2. The motion is further **GRANTED** to the extent that the personal liability claims against the Warricks in Counts I, VII, VIII, and IX based on direct participation are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

3.  The motion is **DENIED** to the extent that the FDUTPA claims against the Warricks in Count X based on direct participation may proceed.

4.  Plaintiff shall have up to and including January 5, 2024, to file an amended complaint, if he may do so in good faith.  If Plaintiff files an amended complaint, the Warricks shall file a response within fourteen days of the filing of the amended complaint.  If Plaintiff elects to not file an amended complaint at this time, the Warricks are directed to file an answer on or before January 19, 2024.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of December, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**