UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN BUSER,

    Plaintiff,

v.                                                                 Case No. 8:23-cv-1881-TPB-NHA

EXPERIAN INFORMATION
SOLUTIONS, INC., et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART ENIUM'S MOTION FOR SUMMARY JUDGMENT; AND DISMISSING COUNTERCLAIM WITHOUT PREJUDICE

This matter is before the Court on Defendant Enium Capital Group, LLC's "Motion for Summary Judgment," filed on October 16, 2024. (Doc. 166). Plaintiff Justin Buser filed his response in opposition on November 20, 2024. (Doc. 176). On December 4, 2024, Enium filed a reply. (Doc. 177). After reviewing the motion, response, reply, court file, and record, the Court finds as follows:

### Background

This case arises from a dispute related to solar panels and payments for those panels. Plaintiff Justin Buser is a consumer who allegedly purchased a solar panel system to install at his residence, although he disputes whether he entered into a loan agreement (Enium's position) or his signature was forged (Buser's position).

On March 2, 2022, Tyler Coffing, a door-to-door solar panel salesman, went to Buser's home in an effort to sell a solar panel system to Buser. During their meeting, Coffing collected Buser's personal information and input the information

into Enium's loan portal to obtain Buser's credit report and get a pre-approval for any solar panel system.

Buser agreed to have a residential rooftop solar panel system installed at his home, although there appears to be some dispute as to the terms of the agreement. Buser contends that he was told there would be no loan necessary, and he would pay $165 each month over 25 years to Excel Home Solar, Inc., who would essentially become his electricity provider. Buser contests signing any specific loan agreement. Although Buser acknowledges that he signed documents on Coffing's computer, he denies that what he saw and agreed to on that screen was the agreement that Enium is trying to enforce. Buser admits to signing a credit check authorization, an agreement to inspect his property, and a consent to digital signatures.

According to the loan documents at issue, Buser entered into an agreement with Georgia's Own Credit Union ("GOCU") in which GOCU loaned Buser the principal sum of $44,640.00 for the purchase and installation of a residential solar panel system, with interest accruing at a rate of 2.99% until paid in full. Under the terms of the loan agreement, Buser was to make monthly loan payments but has failed to make any.

Defendant Enium Capital Group, LLC is a Utah limited liability company that, among other things, furnishes information to credit reporting agencies ("CRAs"), regularly reporting account payment and account status data on both consumer and commercial business credit lines. On October 26, 2023, Enium purchased the loan and note from GOCU and acquired all rights, including the right to enforce and collect the debt.

In this lawsuit, Buser sues Enium for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), the Florida Consumer Collection Practices Act ("FCCPA"), and for specific performance.[1]  Enium has countersued for breach of contract under Florida law.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Only the existence of a genuine issue of material fact will preclude summary judgment.  *Id*.

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004).  When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995).  If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

---

[1] Buser also sued other defendants, but those defendants have been dismissed from this case – Enium is the last remaining defendant and the only counterclaimant.

## Analysis

### *Declarations*

Buser argues that although Enium relies on the declarations of Leslie Woodmansee and Jack Elridge to support its motion for summary judgment, the declarations were not disclosed to Buser's counsel prior to the deposition of Jack Elridge, and withholding these declarations until after the deposition should render them inadmissible. But both Woodmansee and Elridge were disclosed as witnesses – Buser never deposed Woodmansee but deposed Elridge as Enium's corporate representative. At the deposition, Buser's counsel asked Elridge virtually no questions about Enium's investigation into the dispute. Buser therefore offers no basis to exclude the affidavits based on insufficient disclosure.

Buser also complains that the declarations are not based on personal knowledge because neither Woodmansee or Elridge were present when the loan documents were allegedly signed by Buser. The Woodmansee affidavit explains how the Enium online portal works and discusses the online portal documents as they pertain to Buser's claims that he had not taken out the loan at issue. These matters are based on Woodmansee's personal knowledge, and Woodmansee would be competent to testify as to these issues even if she had not been present in Buser's living room at the time of the transaction. The Elridge affidavit does not purport to assert that Buser signed the loan documents – Eldridge simply reviewed Enium's financial records, which are kept in the ordinary course of business, and articulated the contents of the loan documents, the fact that payments were not made, and the amount due and owing. Buser's argument is unpersuasive.

Finally, Buser contends that the "affidavits are mostly hearsay" without identifying any specific hearsay statements. Regardless, even if the affidavits included hearsay, hearsay evidence may be considered on a motion for summary judgment if that hearsay evidence can be reduced to an admissible form at trial under an exception to the hearsay rule or as non-hearsay. *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999). Buser therefore fails to provide a sufficient basis to exclude the affidavits based on hearsay.

Consequently, the Court concludes that it may rely on the affidavits if necessary to resolve the pending motion for summary judgment.

### *Count I – Violation of the FCRA, 15 U.S.C. §1681s-2(b).*

In Count I, Buser asserts that Enium violated 15 U.S.C. § 1681s-2(b) by failing – on at least six separate occasions – to conduct a reasonable investigation and by failing to update its reports after receiving notice of dispute.[2]

<u>Factual Inaccuracies</u>

"The FCRA protects consumers against the dissemination of inaccurate credit information." *Uppal v. Wells Fargo Bank, NA*, No. 8:19-cv-1334-T-02JSS, 2020 WL 6150923, at *2 (M.D. Fla. Oct. 20, 2020) (Jung, J.) (citing *Equifax, Inc. v. FTC*, 678 F.2d 1047, 1048 (11th Cir. 1982)). The Eleventh Circuit has explained that when determining whether a claimed inaccuracy is actionable, there is no bright-line rule. *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024).

---

[2] Buser cannot assert an FCRA claim based on Enium's failure to update its reports to the CRAs to reflect that the debt was disputed. *See Felts v. Wells Fargo Bank, N.A.,* 893 F.3d 1305, 1312 (11th Cir. 2018); *Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-cv-62094-BB-, 2018 WL 1183357, at *3 n.1 (S.D. Fla. Feb. 26, 2018), *aff'd*, 770 F. App'x 452 (11th Cir. 2019).

Instead, "a court must determine, *inter alia*, whether the information in dispute is 'objectively and readily verifiable.'" *Id.* (quoting *Sessa v. Trans Union, LLC*, 74 F.4th 38, 43 (2d Cir. 2023)).

Here, Buser's FCRA claim against Enium is premised on his assertion that his signatures on the solar panel loan documents were forged. (Doc. 58 at ¶¶ 167-70). Claims of forgery are often complicated and require court resolution. *See Uppal*, 2020 WL 6150923, at *2.; *Walker v. Experian Info Sols. Inc.*, No. 1:22-cv-00299-RAH, 2024 WL 1337851, at *6 (M.D. Ala. Mar. 28, 2024); *see also DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008). Although these cases predate the Eleventh Circuit's decision in *Holden*, these cases make it clear that forgery claims may not have a straightforward answer, which is fatal to an FCRA claim based on a factual inaccuracy.

The problem for Buser is that because his claim stems from accusations of forgery in electronic documents, "the alleged inaccurate information is not objectively and readily verifiable because it stems from a contractual dispute without a straightforward answer." *See id.* at 1368. Like in *Holden*, "the resolution of this contract dispute is not a straightforward application of law to facts." *See id.* Consequently, the information in dispute in this case cannot support an actionable FCRA claim against Enium.

<u>Reasonableness of Investigation</u>

Even if Buser could properly assert an actionable § 1681s-2(b) claim under the FCRA based on the allegedly forged loan documents, he must still establish that

Enium failed to conduct a reasonable investigation into his claims. As the Eleventh Circuit has explained:

> The "appropriate touchstone" for evaluating a furnisher's investigation under § 1681s–2(b) is "reasonableness." "[W]hat constitutes a 'reasonable investigation' will vary depending on the circumstances of the case . . . .
>
> Regardless of the nature of the investigation a furnisher conducted, a plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating that *had* the furnisher conducted a reasonable investigation, the result would have been different; *i.e.*, that the furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information. Absent that showing, a plaintiff's claim against a furnisher necessarily fails, as the plaintiff would be unable to demonstrate any injury from the allegedly deficient investigation. And, in turn, a plaintiff cannot demonstrate that a reasonable investigation would have resulted in the furnisher concluding that the information was inaccurate or incomplete without identifying some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete.

*Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312-13 (11th Cir. 2018). The reasonableness of an investigation is "judged by an objective standard, and . . . the burden of showing the investigation was unreasonable is on the plaintiff." *Stroud v. Bank of Am.*, 886 F. Supp. 2d 1308, 1313-14 (S.D. Fla. 2012) (quotation marks omitted).

In this case, Enium has presented evidence to show that (1) it reviewed all of the relevant documents in the online portal; (2) all of the documents showed Buser's electronic signature, and the associated reports demonstrated that the documents

were accessed and signed through Buser's email address; (3) the account form included Buser's social security number, driver's license number, and mother's maiden name; (4) Enium communicated with Excel and Coffing regarding Buser's claim to obtain additional information; (5) Enium reviewed a photograph showing solar panels installed on Buser's roof; (6) Enium communicated with Buser and attempted to contact him multiple times to obtain additional information regarding his claims; (7) Enium responded to Buser's counsel and requested documentation to release information related to Buser's claim; and (8) neither Buser nor his counsel ever provided the requested documentation.

Buser has failed to provide any rebuttal evidence, as opposed to his mere allegations, that could support a finding that this investigation was unreasonable. *See Celotex*, 477 U.S. at 324 (non-movant must "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial"); *Doe v. Drummond Co.*, 782 F.3d 576, 604 (11th Cir. 2015) (to survive summary judgment, non-movant must demonstrate "that the record in fact contains supporting evidence[] sufficient to withstand a directed verdict motion"). Buser also cannot demonstrate that had Enium done something differently, the outcome of the investigation would have changed, particularly where he did not participate in the investigation by providing the requested information. *See Felts*, 893 F.3d at 1313.

Based on these facts, Enium has amply demonstrated that it conducted a reasonable investigation into Buser's claims, and the result of the investigation provided no reason to reach any other conclusion than that Buser owed the debt. Enium is entitled to summary judgment on Count I.

### *Count IV – Violation of the FCCPA, § 559.72(9), F.S.*

In Count IV, Buser asserts that Enium violated § 559.72(9), *F.S.* by attempting to collect the purported loan debt although it was aware that the loan documents Buser allegedly signed were "crude forgeries."

Under Florida law, "no person shall [c]laim, attempt, or threaten to enforce a debt when such person known that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), *F.S.* This section "does not provide for recovery if the creditor merely should have known the debt was not legitimate." *Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 6 (Fla. 4th DCA 2009) (affirming summary judgment in favor of defendant when consumer denied owing debt because his signature was allegedly forged). Instead, § 559.72(9) requires actual knowledge. *See Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1337 (M.D. Fla. 2010) (Whittemore, J.); *Arianas v. LVNV Funding LLC*, 132 F. Supp. 3d 1322, 1330 (M.D. Fla. 2015).

Buser has pointed to no evidence to show that Enium actually knew that the loan documents were forged or that the loan was illegitimate. His mere contention that he told Enium that he did not sign the documents is insufficient to create a genuine issue of material of fact as to Enium's actual knowledge of the alleged forgery. Enium is entitled to summary judgment on Count IV.

### *Count V – Violation of the FCCPA, § 559.72(6), F.S.*

In Count V, Buser claims that Enium violated § 559.72(6), *F.S.* by making multiple and repeated disclosures about a disputed debt without disclosure of the dispute. Under Florida law, no person shall "[d]isclose information concerning the

existence of a debt known to be reasonably disputed by the debtor without disclosing the fact." § 559.72(6), *F.S.*

The FCRA provides that "no requirement or prohibition may be imposed under the laws of any state . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681t(b)(1)(F). Consequently, courts have concluded that a § 559.72(6) claim is expressly preempted by the FCRA. *See Romeus v. Syndicated Off. Sys., Inc.*, No. 10-cv-81319, 2011 WL 13227823, at *3 (S.D. Fla. May 24, 2011) ("Clearly, this provision preempts § 559.72(6), which undoubtedly regulates the responsibilities of persons who furnish information to consumer reporting agencies."); *Bauer v. Target Corp.*, No. 8:12-CV-978-T-AEP, 2012 WL 4054296, at *4 (M.D. Fla. Sept. 14, 2012) (explaining that a Section 559.72(6) claim is "expressly preempted by the . . . FCRA"); *Osborne v. Vericrest Fin., Inc.*, No. 8:11-cv-716-T-30TBM, 2011 WL 1878227, at *3 (M.D. Fla. May 17, 2011).

In this count, Buser specifically claims that Enium violated this statute by continuing to report the loan to the CRAs. Even if the alleged events and debt collection activities have occurred, Count V asserts a claim based *exclusively* on Enium's disclosures to the CRAs. *See* (Doc. 58 at ¶¶ 190-97). Buser's response in opposition, which attempts to instead rely on the allegations related to his § 559.72(9) claim and upon matters outside of the complaint, does not create any genuine issue of fact or otherwise defeat a well-supported summary judgment

motion.  His attempts to rewrite the plain language of his amended complaint are unpersuasive.

Because Buser's § 559.72(6) claim is based solely on Enium's alleged credit reporting activity, it is preempted by the FCRA.  Enium is entitled to summary judgment on Count V.

***Count XI – Specific Performance***

In Count XI, Buser asserts that solar panels in which Enium claims to have a secured interest have been installed on the roof of his home without a permit, so Pinellas County never inspected the work performed.  He claims that the solar panels provide no functional purpose because they are not integrated into the power supply of the home, and the workmanship is unknown because no inspection was ever made.  Buser requests that the Court order Enium to remove the unpermitted solar panels from his roof by a licensed contractor.  In the alternative, Buser requests that the Court order Enium to hire a licensed contractor to remediate any defects in workmanship, obtain the necessary permits from Pinellas County ,and pay any relevant fines or fees assessed by Pinellas County for failing to do so prior to installation.  He also requests that the Court order Enium to release any lien filed against his home by Enium.

"[F]or a court to grant specific performance, the parties must have entered into an agreement that is definite, certain, and complete of all its essential terms." *Boardwalk at Daytona Dev., LLC v. Paspalakis*, 220 So. 3d 457, 461 (Fla. 5th DCA 2016).  Enium has never agreed to remove the solar panel system from Buser's roof, so Buser has no basis to request or receive an order of specific performance to

remove the system. In addition, the undisputed facts show that the solar panel system was both permitted and inspected. The system has not been completed and integrated because Buser has declined to sign the necessary documents for completion.

Confusingly, in his response in opposition, Buser attempts to amend his specific performance claim to instead request an order for Enium to agree to Buser "[paying] for solar instead of a utility company for a set amount per month, without any sort of loan or blemish on his credit." But Buser cannot amend his complaint through his opposition to summary judgment. *See Poer v. Jefferson Cty. Comm'n*, 100 F.4th 1325, 1338 (11th Cir. 2024); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

Buser is not entitled to specific performance as a matter of law, so Enium is entitled to summary judgment on Count XI.

### *Enium's Breach of Contract Counterclaim*

Enium asserts a counterclaim for state law breach of contract against Buser. Because the Court has granted the motion for summary judgment with regard to Buser's federal claims, and diversity jurisdiction is not alleged, the Court considers whether it should exercise supplemental jurisdiction over the counterclaim.

Although the Court's decision to dismiss Buser's federal claims does not rob the Court of supplemental jurisdiction under 28 U.S.C. § 1367, the Court maintains discretion to decline to exercise supplemental jurisdiction over the state law counterclaim. *See Hicks v. Moore*, 422 F.3d 1246, 1254-55 n.8 (11th Cir. 2005) (noting that district court had discretion to remand the plaintiff's supplemental

state law claims after it granted summary judgment on all federal claims in favor of the defendant); *Murphy v. Fla. Keys Elec. Co-op Ass'n, Inc.*, 329 F.3d 1311, 1320 (11th Cir. 2003) (affirming dismissal of third-party defendant's state law counterclaim under 28 U.S.C. § 1367(c)); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) (affirming and attaching as appendix district court decision which stated: "If no federal claim survives summary judgment, the court sees no reason why the other claims should not be dismissed or remanded pursuant to 28 U.S.C. § 1367(c)(3).").

Following the Court's disposition of Buser's federal claims, what remains is a state law breach of contract counterclaim that is best addressed by the state court. In making this determination, the Court has carefully considered several factors, including judicial economy, fairness, and comity. Consequently, the counterclaim is dismissed without prejudice. Enium is, of course, permitted to refile this counterclaim in state court, should it choose to do so.[3] But the Court notes that Enium may not be entitled to summary judgment because there may be a genuine issue of material fact as to whether an agreement pertaining to the solar panels and financing thereof was actually reached.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant Enium Capital Group, LLC's "Motion for Summary Judgment" (Doc. 166) is **GRANTED IN PART**.

---

[3] The Court notes that federal law provides for the tolling of the state statute of limitations period while a state claim is pending in federal court and for thirty days thereafter, unless state law provides for a longer tolling period. *See* 28 U.S.C. § 1367(d).

2. The Clerk is **DIRECTED** to enter final judgment in favor of Enium, and against Plaintiff Justin Buser, on Counts I, IV, V, and XI of the amended complaint.

3. Enium's counterclaim is **DISMISSED WITHOUT PREJUDICE**.

4. Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of January, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE